UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SOMASUNDARAM SINANESAN,            )
                                   )
           Petitioner              )
                                   )   Civil Action No.
    v.                             )   03cv12468-MEL
                                   )
JOSEPH F. MCDONOUGH, ET AL.        )
                                   )
                                   )
           Respondent              )

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Sri Lanka presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "ICE")[1] pending execution of his final order of removal. His petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of his final order of removal, but only his continuing detention, in that he says: "My removal cannot be effected in the reasonably foreseeable future." Petition, p.2.

However, petitioner has been detained pursuant to a final order of removal only since October 15, 2003, and so his post-

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's custody in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

order detention is still well within the presumptively lawful six-month detention period set out by the Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001). Moreover, even if the issue of post-order detention in excess of six months were present in this case, petitioner's removal has now been provisionally scheduled for **February 16, 2004,** removal is now "reasonably foreseeable" as required by the Supreme Court in Zadvydas, and the case should be dismissed for failure to state a claim upon which relief may be granted. See Declaration of Supervisory Enforcement Agent Alan Greenbaum, Attachment A.

**ARGUMENT**

I.  BECAUSE PETITIONER'S REMOVAL IS NOW PROVISIONALLY SCHEDULED TO OCCUR ON **FEBRUARY 16, 2004,** THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of removal, nor the enforceability of it. Rather, he essentially complains that "the D.H.S. is not able to deport me to Sri Lanka. The Representative of Sri Lanka Conculate in Washington, D.C. is not submitting my travel documents to the (D.H.S)." Petition, p.2.

However, ICE has contacted the Sri Lankan Consulate, and has been given to expect by them that travel documents will be issued as soon as the travel itinerary and fees are transmitted to that consulate. Arrangements have been made to schedule the removal of petitioner to Sri Lanka on **February 16, 2004,** and when confirmed -- expected shortly -- the confirmed itinerary and fees

2

will be transmitted to the Sri Lankan Consulate for issuance of the necessary travel documents in order to effect petitioner's removal on **February 16, 2004**. Although that date is at present something short of absolutely confirmed, the Sri Lankan Consulate has not given ICE any reason to think that there is any particular problem with issuance of the travel documents for petitioner's removal on **February 16, 2004**. See Declaration of Supervisory Enforcement Agent Alan Greenbaum, Attachment A.

Because petitioner's removal is now provisionally scheduled for a date just over three weeks from now (**February 16, 2004**), petitioner fails to state a colorable claim of unlawful detention.

What is more, the Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is</u>

3

<u>no significant likelihood of removal in the reasonably foreseeable future.</u>

<u>Zadvydas v. Davis, et al.</u>, 121 S. Ct. at 2505 (emphasis added).

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.</u>" <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, petitioner has been detained after the entry of a final removal order only since October 15, 2003, and he will continue to be within the Supreme Court's presumptively lawful detention rule until April 15, 2004. Nonetheless, the necessary travel documents are expected to be issued based upon

4

past communications from the Sri Lankan Consulate, and petitioner is now provisionally scheduled for removal on **February 16, 2004**. See Declaration of Supervisory Enforcement Agent Alan Greenbaum, Attachment A. Accordingly, even if there were a cognizable detention issue under Zadvydas, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's removal provisionally scheduled for **February 16, 2004.**

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:

                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    Department of Homeland Security
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114
                    (617) 565-2415

**ATTACHMENT A**

<u>DECLARATION OF SUPERVISORY IMMIGRATION
ENFORCEMENT AGENT ALAN GREENBAUM</u>

Pursuant to the authority of 28 U.S.C. § 1746, I, ALAN GREENBAUM, a Supervisory Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare as follows:

1. I am a Supervisory Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Supervisory Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation as it relates to the process of requesting and obtaining the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable aliens to their respective home countries, and scheduling the removals.

3. Each foreign government has its own special prescribed set of requirements for the issuance of travel documents authorizing its acceptance of a removable alien back into its own sovereign territory. Without such issuance, the government of the United States cannot practicably schedule travel arrangements or execute a removal or deportation order.

4.  As a Supervisory Immigration Enforcement Agent in Boston, I am familiar with the process for travel document issuance by the various foreign governments, and with the day to day mechanisms of scheduling execution of removal orders in connection with the issuance of these travel documents.

5.  At the request of Special Assistant United States Attorney Frank Crowley, I have examined the record-history available to me of efforts made by the ICE to procure travel documents in the case of Soma Sundaram SIVANESAN, Administrative File No. A78 513 756.  Upon review of the records available to me as a Supervisory Immigration Enforcement Agent, I state that I have been in contact with the Sri Lankan Consulate officer responsible for issuing the necessary travel documents for return of Soma Sundaram SIVANESAN to Sri Lanka, and he has informed me that such travel documents will be issued upon ICE's providing to him the travel itinerary for removal and the necessary fees in connection with the issuance.

6.  In pursuit of issuance of the necessary travel documents from the Sri Lankan Consulate, I have arranged for scheduling of the removal of Soma Sundaram SIVANESAN for **February 16, 2004,** and upon confirmation of that date -- which is expected shortly -- I will forward the travel itinerary to the Sri Lankan Consulate for issuance of a

2

travel document authorizing the removal of Soma Sundaram SIVANESAN on **February 16, 2004.** Although this removal date is something short of absolutely confirmed at the present, the Sri Lankan Consulate has given me no reason to think that there will be any particular difficulty in its issuance of a travel document for removal on that date.

    7. Based upon my experience generally as a Supervisory Immigration Enforcement Agent in Boston, Massachusetts, and specifically upon my review of and familiarity with the specific arrangements being made to effect the removal of Soma Sundaram SIVANESAN back to Sri lanka, it is my opinion that there is a substantial likelihood of Soma Sundaram SIVANESAN's removal to Sri Lanka on **February 16, 2004,** as planned, or otherwise in the reasonably foreseeable future.

    I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 1-23-04
              Date          Signature

Alan Greenbaum
Supervisory Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs
Enforcement

3

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on January 23, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114