UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOMASUNDARAM SIVANESAN,
        Petitioner,

v.

JOSEPH F. McDONOUGH,
        Respondent.

CIVIL ACTION
NO. 03-12468-MEL

## MEMORANDUM AND ORDER OF DISMISSAL

LASKER, D. J.

    For the reasons stated below, this habeas petition is dismissed without prejudice.

### BACKGROUND

    On December 8, 2003, petitioner Somasundaram Sivanesan, an immigration detainee currently being held at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241 and paid the $5 filing fee. In an order dated December 18, 2003, I directed the clerk to serve the petition on the Respondent.

    Sivanesan, a native of Sri Lanka, contends that the Department of Homeland Security ("DHS") has been unable to remove him to that country and that he has been indefinitely detained. Petition, p. 1-2. He does not allege how long he has been detained, the reasons he is being removed or when he was ordered removed. Id. However, Sivanesan refers to DHS efforts to obtain travel documents for him in January 2002, and asserts that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001). Id.

    On January 23, 2004, counsel for Respondent filed a notice of intent to execute petitioner's final order of removal on February 16, 2004, and a motion to dismiss the petition. In a declaration attached to the motion, the Supervisory Immigration Enforcement Agent for Boston asserts that, based on his experience and review of the arrangements made to effect Sivanesan's removal, there is a "substantial likelihood" of

removal on February 16, 2004 even though he is waiting to receive certain travel documents from the Sri Lankan consulate. Motion, Attachment A, p. 2-3.

## ANALYSIS

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. 533 U.S. at 701.[1] If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700.

Under this formulation, where removal is imminent, due process is not implicated because there is a significant likelihood of removal in the "reasonably foreseeable"

---

[1] Although Respondent's memorandum in support of its motion to dismiss states that petitioner's order of removal became final on October 15, 2003 and that 6-months have thus not passed between that date and the filing of this petition, this fact has not been submitted in a declaration or affidavit. Thus, the Court assumes for purposes of this order only, that Sivanesan has been detained longer than 6-months. An alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if he has been detained for less than six-months. See Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill. 2003) (Zadvydas not implicated where criminal alien held less than 6-months).

2

future, and an alien has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003). Here, petitioner's removal appears to be imminent. Thus, this petition for a writ of habeas corpus must be dismissed. See Wang, 320 F.3d at 145.[2] This dismissal is without prejudice to its re-filing by petitioner if his removal is not effected as planned.

## CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

SO ORDERED.

2/2/04
DATE

_____
UNITED STATES DISTRICT JUDGE

---

[2] As discussed above, Sivanesan does not state the basis for his removal or current detention. Even assuming that he does not fall into any of the classes of aliens outlined in Section 1231(a)(6) that may be detained during the post-removal period, the petition still must be dismissed because his imminent removal moots this petition.